## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## HARTFORD DIVISION

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE No. | 21-20483 (JJT) |
| | ) | | |
| PABLO AND KELLY ANN TORRES, | ) | CHAPTER | 7 |
|     Debtors. | ) | | |
| | ) | RE: ECF Nos. | 8, 15, 17, 20, 21 |

### MEMORANDUM OF DECISION ON DEBTORS' MOTION
### FOR RECONSIDERATION AND REQUEST FOR LEAVE TO AMEND

On May 10, 2021, the Debtors, Pablo and Kelly Ann Torres, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (ECF No. 1). In the petition, the Debtors indicated that their landlord had obtained a pre-petition judgment of eviction against them for possession of their leased residence. *Id.*, at p. 3. Such an admission requires, as specified on the petition, that the Debtors also file an Initial Statement About an Eviction Judgment ("Form 101A") contemporaneously with the petition. *Id.*[1] While the Debtors did, in fact, file Form 101A, the filing was incomplete as the Debtors failed to certify, as required under 11 U.S.C. § 362(*l*)(1)(A), that (1) under nonbankruptcy law, circumstances exist under which they would be permitted to cure the monetary default that gave rise to the judgment of possession, and (2) that they deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition. *Id.*, at p. 8. The Debtors also failed to make any such payment to the clerk.

The following day, the docket reflected that the Debtors' Form 101A was incomplete and did not comply with the requirements set forth in 11 U.S.C. §§ 362(*l*)(1)(A) and (B). *See* ECF

---

[1] The Court also notes that the Court's website provides very specific step-by-step instructions on how to file Official Form 101A, underscoring the requirements that the form must be filed with the petition and that *all steps must be taken* in order to be in compliance. *See* Individual Debtors Guide to Judgements of Eviction, www.ctb.uscourts.gov/individual-debtors-guide-judgments-eviction.

No. 8. A certified copy of the docket was sent to the Debtors, Debtors' counsel, and to the Debtors' landlord ("Landlord") "indicating the absence of a filed completed certification in compliance with 11 U.S.C. §§ 362 (*l*)(1)(A) and (B) and Form 101A, and *confirming the applicability of the exception to the stay under 11 U.S.C. § 362(b)(22)*." *Id.* (emphasis added).

On May 20, 2021, ten days after filing their petition and original Official Form 101A, the Debtors filed an Amended Official Form 101A ("Amended Form") wherein the Debtors made the proper certification, and also submitted a check in the amount of $1,850.00 reflecting the rent that would be due during the 30-day period as required under Section 362(*l*)(1)(B). *See* ECF No. 15; Motion at ¶ 4. The docket thereafter reflected receipt of the amended filing, but underscored that in light of the incomplete Official Form 101A initially filed with the petition, "[s]ubsection (b)(22) of 11 U.S.C. § 362 immediately applied upon the failure of the debtor to fully comply with the requirements of Official Form 101A. . . . Therefore, no action will be taken on the Amended Official Form 101A and the Check No. 107 in the amount of $1,850.00 from Pablo Torres shall be returned to the [D]ebtor. . . " ECF No. 15.

Now pending before the Court is the Debtors' Motion for Reconsideration and Request for Leave to Amend (ECF No. 17, the "Motion"), whereby the Debtors request leave to amend the Official Form 101A initially filed with their petition (*see* ECF No. 1, at p. 8) so as to make the appropriate certifications and to deposit with the clerk a check in the amount of rent that would be due during the 30 days post-petition.[2] A hearing on the Debtors' Motion was held on May 27, 2021, whereat the Debtors and counsel for the Landlord advanced their respective

---

[2] The Debtors' cite to Fed. R. Bankr. P. 1009 in support of the argument that they may file an Amended Form. Rule 1009 provides that "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." Debtors argue that "Official Form 101A is a 'Statement' and this case is not closed." Motion, at ¶ 7. Critically, however, Bankruptcy Rule 1009 does not provide that amendments to a bankruptcy petition may apply retroactively, nor may the Rule supersede substantive Code provisions.

arguments. At the conclusion of the hearing, the Court directed the Landlord to file a formal objection reflecting the arguments raised at the hearing, and thereafter took the matter under advisement. For the reasons discussed herein, and consistent with the Court's Order at ECF No. 21, the Debtors' Motion is hereby DENIED.

Generally, the filing of a petition under any chapter of the Bankruptcy Code operates as a stay of most actions by creditors against the debtor (*see* 11 U.S.C. § 362(a)), however, under certain circumstances, the Code provides for exceptions where "[t]he filing of a petition under sections 301, 302, or 303 . . . does not operate as a stay. . . ." 11 U.S.C. § 362(b). One such exception is set forth in 11 U.S.C. § 362(b)(22). Section 362(b)(22) provides that the continuation of any eviction or similar proceeding by a landlord against the debtor renting his or her residence is not stayed if the landlord obtained a judgment for possession against the debtor pre-petition, *unless* the debtor takes specific steps set forth in Section 362(*l*). 11 U.S.C. § 362(b)(22).

Section 362(*l*), in turn, provides that the automatic stay will apply for a 30-day period after the filing of the bankruptcy petition "if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—(A) under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered." 11 U.S.C. § 362(*l*)(1)(A). Section 362(*l*) also requires the debtor to deposit "with the clerk of the court any rent that would become due during the 30-day period after the filing of the bankruptcy petition." 11 U.S.C. § 362(*l*)(1)(B). Thus, "[b]y its own terms, the 30-day grace period provided to debtors under § 362(*l*)(1) is only available to those debtors

who file the necessary certification [and rent deposit] *with the petition*." *In re Parker*, 2008 WL 2081536, at *2 (Bankr. D. D.C. 2008).

When a debtor does not comply with the requirements of 11 U.S.C. § 362(*l*)(1), he or she is not provided an opportunity to amend the certifications, because Section 362(*l*)(4) imposes immediate consequences by permitting any landlord with a pre-petition judgment for possession of the debtor's residence to *immediately* proceed with "any eviction, unlawful detainer action, or similar proceeding" should the debtor fail to file the requisite § 362(*l*)(1) certifications with the petition. Specifically, Section 362(*l*)(4), provides that

> If a debtor . . . indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2) –
>
> (A) Subsection (b)(22) **shall apply immediately upon failure to file such certification,** and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property. . . .

11 U.S.C. § 362(*l*)(4) (emphasis added).

Here, the Debtors acknowledge that the incomplete certification was filed purposefully because, as of the petition date, they "were unsure as to what they wanted to do with regard to the Eviction Judgment against them." Motion, at ¶ 2. Section 362(*l*)(4) makes clear that, absent the requisite certifications made at the time of filing, Section 362(b)(22) takes effect immediately. Put another way, the Debtors' filing of an Amended Form ten days later did not somehow operate to retroactively trigger the automatic stay. Further, "[t]he Code simply does not allow for the debtor to file the required § 362(*l*)(1) certifications throughout the pendency of his case rather than with his petition, and to so permit would be prejudicial to [the landlord] and result in the type of delay and uncertainty that §§ 362(b)(22) and (*l*)(4) were likely intended to prevent." *In re Parker, supra*, at *3. In *Parker,* the court went on to explain that by "enacting §

362(b)(22) and § 362(*l*)(4), Congress provided a mechanism under which, from the outset of the case and unless the debtor makes very specific certifications at the time he files his petition, landlords can know with certainty whether or not the stay applies to their continued enforcement of pre-petition judgments for possession of the debtor's residence." *Id.*

The Debtors' failure here to make any certification regarding (1) whether under nonbankruptcy law there are circumstances under which they would be permitted to cure the entire monetary default that gave rise to the judgment for possession, and (2) that they included the deposit of any rent that would become due during the 30-day period after filing the petition, in addition to not making any such payment, constitutes the failure to make a certification of the type required under 11 U.S.C. § 362(*l*)(1). This failure immediately triggered the applicability of Section 362(b)(22), and as a result, the filing of the Debtors' petition did not trigger the automatic stay under 11 U.S.C. § 362(a)(3) with respect to the Landlord's eviction proceeding against the Debtors.

The filing of the Amended Form was effectively an attempt to retroactively amend their petition so as to make the requisite certification under Section 362(*l*)(1) and to prevent the applicability of Section 362(b)(22). There is, however, "nothing in § 362 that purports to allow a debtor to amend or supplement his petition 10 days after the petition date in an effort to somehow render § 362(b)(22) retroactively inapplicable." *In re Parker*, *supra*, at *2. Further, given the Supreme Court's recent holding in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696 (2020), this type of retroactive relief the Debtors are now seeking is wholly inappropriate.

Accordingly, for the reasons stated herein, and consistent with the Court's Order at ECF No. 21, it is hereby

**ORDERED:** That the Debtors' Motion for Reconsideration and Request for Leave to Amend is DENIED; it is further

**ORDERED:** That the Debtors' Amended Official Form 101A does not constitute a timely or effective certification under 11 U.S.C. § 362(*l*)(1); and it is further

**ORDERED:** That 11 U.S.C. § 362(b)(22) applied immediately upon the filing of the petition in this case, and, therefore, pursuant to 11 U.S.C. § 362(b)(22), the automatic stay imposed by 11 U.S.C. § 362 shall not apply to prevent the Landlord, Elaine Erwin Matulis, from enforcing her prepetition judgment for possession of the Debtors' leased residence.

**IT IS SO ORDERED** at Hartford, Connecticut this 28th day of May 2021.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut